**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JEAN ELAINE MORRIS**                                                       **PLAINTIFF**

**v.**                      **CASE NO. 4:05-CV-1938 GTE**

**EARL DOWELL, KERRY DOWELL,
DOWELL TRANSPORT, INC.
and ROGER HOOPER**                                                **DEFENDANTS**

**ORDER OF DISMISSAL**

Presently before the Court are Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings. Defendants contend that Plaintiff's claims are barred by the statute of limitations.

Plaintiff alleges discrimination in violation of Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act, as well as a pendent state law claim of sexual assault. Plaintiff, formerly an employee of Dowell Transport, Inc., alleges that she was sexually assaulted and raped by Roger Hooper, a truck driver employed by Dowell Transport.

Plaintiff filed a claim with the Equal Employment Opportunity Commission and received a right-to-sue letter sometime between April 25, 2005 and June 8, 2005.[1] Plaintiff filed a lawsuit in this district on June 8, 2005,[2] and moved for a non-suit on July 15, 2005. Plaintiff's case was dismissed without prejudice by order entered on July 19, 2005. On September 14, 2005, Plaintiff

---

[1] The Court will use the latter date of June 8, 2005 in its calculations in the Court's analysis of the Defendants' statute-of-limitations defenses.

[2] Case Number 4:05-CV-00864-JLH.

moved to re-open that case, but Plaintiff's motion was denied.[3]

Plaintiff then initiated the case at bar on December 30, 2005, alleging substantially the same claims as raised in the previous case. Defendants assert that this lawsuit is time-barred because Plaintiff failed to comply with the jurisdictional requirements of 29 U.S.C. § 626(e).

Section 626(e) affords a claimant with ninety days to initiate a civil action against the parties named in the EEOC charge. Assuming that the limitations period began to run on June 8, 2005, Section 626(e) afforded Plaintiff until September 6, 2005 to bring a civil action. Plaintiff's first lawsuit was timely, as it was filed on June 8, 2005; however, the action at bar, filed on December 30, 2005, falls outside of the limitations period. Accordingly, it appears that Plaintiff's action is time-barred unless the limitations period has been tolled.

The Eighth Circuit Court of Appeals has held that "[i]n ADEA and Title VII cases: 'The statute of limitations will not be tolled on the basis of equitable estoppel unless the employee's failure to file in a timely fashion is the consequence either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.'" *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir. 1995). The Court may not consider equitable tolling under Arkansas state law where, as here, Plaintiff raises federal claims and there exists federal statute of limitations for those claims. *Id*. at 665 ("Missouri law is inapplicable on questions of estoppel and tolling in cases where a federal claim is at issue and there is a federal statute of limitations for that claim.").

Here, the Court finds no deliberate conduct by the Defendants that caused any delay on the

---

[3] The order informed Plaintiff that dismissal of her case without prejudice barred her from re-opening the closed case, but that the dismissal did not bar her from filing a new case by tendering the appropriate filing fee. (Dkt. #10, Case No. 4:05-CV-00864).

part of the Plaintiff in re-filing her claims. Plaintiff sought a non-suit of her first lawsuit in order to exhaust her administrative remedies. It appears that Plaintiff is arguing that Defendants' silence at the time the first lawsuit was dismissed without prejudice constitutes affirmative conduct warranting justifying a tolling of the statute of limitations. This argument fails, as mere inactivity or silence on the part of Defendants is insufficient for equitable estoppel. *See*, *e.g.*, *id.* at 666 ("Silence, however, generally is not affirmative conduct that gives rise to a finding of equitable estoppel.").

Even if the Court were to toll statute of limitations for the entire time her first lawsuit was pending, the present action would still fall outside of the limitations period. The final docket entry in the first lawsuit was entered on September 19, 2005. Calculating ninety days from that date, the limitations period ended on December 18, 2005. Plaintiff filed the lawsuit at bar on December 30, 2005. Accordingly, the Court concludes that Plaintiff's lawsuit is barred by the statute of limitations of 29 U.S.C. § 626(e).

IT IS THEREFORE ORDERED THAT the Defendants' Motion to Dismiss (Dkt. #10) shall be, and it is hereby, GRANTED. The Complaint is dismissed in its entirety.

IT IS FURTHER ORDERED THAT the Defendant's Motion for Judgment on the Pleadings (Dkt. #13) and Motion to Dismiss Party (Dkt. #22) shall be, and they are hereby, DENIED as moot.

Dated this 28th day of July, 2006.

_/s/ Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE