UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JEAN ELAINE MORRIS                                                          PLAINTIFF

v.                          CASE NO. 4:05-CV-1938 GTE

EARL DOWELL, KERRY DOWELL,
DOWELL TRANSPORT, INC. and
ROGER HOOPER                                                              DEFENDANTS


ORDER

Presently before the Court are the Plaintiff's Motion for Relief from Judgment Pursuant to Rule 60(b)(5) & (6), Motion for Reconsideration, and Motion for Extension of Time in Which to File a Notice of Appeal.

I.  Background

Plaintiff alleges discrimination in violation of Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act, as well as pendent state law claims of sexual assault.  Plaintiff, formerly an employee of Dowell Transport, Inc., alleges that she was sexually assaulted and raped by Roger Hooper, a truck driver employed by Dowell Transport. Plaintiff filed a lawsuit in this district on June 8, 2005, and moved for a non-suit on July 15, 2005.  Plaintiff's case was dismissed without prejudice by order entered July 19, 2005.  On September 14, 2005, Plaintiff moved to re-open that case, but Plaintiff's motion was denied.  She was instructed that she could, however, file a new case, which she did on December 30, 2005, alleging substantially the same claims as raised in the previous case.

On July 28, 2006, this Court dismissed Plaintiff's Complaint finding that the Plaintiff's

1

lawsuit was barred by the statute of limitations of 29 U.S.C. § 626(e).  The Court stated that even

if it were to toll the statute of limitations for the entire time her first lawsuit was pending, the

action would still fall outside the limitations period, as ninety days from the final docket entry in

the first lawsuit would be December 18, 2005, and Plaintiff re-filed her lawsuit on December 30,

2005.  On August 25, 2006, Plaintiff filed the motions presently before the Court.[1]

## II.  Motion for Relief from Judgment and Motion for Reconsideration

Plaintiff does not specify the rule under which she brings her Motion for Reconsideration.

The Court will treat the motion as being filed pursuant to Fed. R. Civ. P. 60(b), as no judgment

was entered in this case, and even if a judgment was entered, the motion is made beyond the ten

(10) day period for filing motions "to alter or amend the judgment" pursuant to Fed. R. Civ. P.

59(e), which deprives the Court of jurisdiction to consider a Rule 59(e) motion.  As the basis for

her Motion for Relief from Judgment, Plaintiff specifically relies on Federal Rule of Civil

Procedure 60(b)(5) and (6).  Therefore, the Court will consider these motions simultaneously.

A Rule 60(b) motion serves to relieve a party from a final judgment or order on one of

several specified grounds. The rule provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a
> party's legal representative from a final judgment, order, or proceeding for the
> following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2)
> newly discovered evidence which by due diligence could not have been
> discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether
> heretofore denominated intrinsic or extrinsic), misrepresentation, or other
> misconduct of an adverse party; (4) the judgment is void; (5) the judgment has
> been satisfied, released, or discharged, or a prior judgment upon which it is based
> has been reversed or otherwise vacated, or it is no longer equitable that the
> judgment should have prospective application; or (6) any other reason justifying

---

[1]The Court notes that Plaintiff's motions do not comply with Local Rules 6.2(b) and
7.2(a).

relief from the operation of the judgment . . .

Fed. R. Civ. P. 60(b).   Rule 60(b)  "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young,* 806 F.2d 805, 806 (8th Cir. 1986) (per curiam), *cert. denied,* 484 U.S. 836, 108 S. Ct. 117, 98 L. Ed. 2d 76 (1987).  As the basis for her motions, Plaintiff essentially argues that the Court's failure to apply equitable tolling or the Arkansas rule on tolling was erroneous because she believed that the Rule 41(a) dismissal would toll the statute of limitations.  Plaintiff did not elaborate on the application of Rule 60 to the facts of this case, and it does not appear that relief under Rule 60 is appropriate in this case.

**A.  Federal Claims**

Plaintiff improperly asserts that Federal Rule of Civil Procedure 41(a) "allows a party to voluntarily take a nonsuit and the suit is dismissed without prejudice meaning that plaintiff can bring her lawsuit against within one year of the dismissal."  While under Arkansas law, "a person who files a lawsuit may voluntarily dismiss that lawsuit and has a statutory right to refile the action within one year pursuant to Ark. Code Ann. section 16-56-126 (1987)," *Blaylock v. Shearson Lehman Bros., Inc.*, 330 Ark. 620, 621, 954 S.W.2d 939, 940 (1997), the Arkansas statute is irrelevant "because state tolling and savings provisions do not apply when Congress has provided a federal statute of limitations for a federal claim." *Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles County, Inc.*, 977 F.2d 1224, 1227 (8th Cir. 1992); *see also Garrison v. International Paper Co.,* 714 F.2d 757, 759 n. 2 (8th Cir.1983) (because a federal statute of limitations governs Title VII actions, Arkansas savings clause did not apply).

Plaintiff argues that it was her understanding that a dismissal under Rule 41(a) would toll the statute of limitations.  While the Court is mindful of Plaintiff's *pro se* status, *pro se* status and lack of

3

legal knowledge are inadequate to warrant equitable tolling in this case.  The Eighth Circuit has held that in ADEA and Title VII cases, "[t]he statute of limitations will not be tolled on the basis of equitable estoppel unless the employee's failure to file in a timely fashion is the consequence either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.  The equitable estoppel inquiry focuses on the employer/defendants' conduct."  *Garfield v. J.C. Nichols Real Estate,* 57 F.3d 662, 666 (8th Cir. 1995) (citing *Kriegesmann v. Barry-Wehmiller Co.,* 739 F.2d 357, 358-59 (8th Cir.1984) (ADEA case); *Hamilton v. West,* 30 F.3d 992, 994 (8th Cir.1994) (Title VII case)).  This Court previously found "no deliberate conduct by the Defendants that caused any delay on the part of the Plaintiff in re-filing her claims." The Court declines to change that ruling.  Therefore, the motions are denied with respect to the federal claims.

### B.  State Law Claims

Plaintiff argues that her state law claims should not be dismissed with prejudice because she timely filed her state law actions under Arkansas law and the tolling provision of Arkansas Code Annotated section 16-56-126 should apply to the voluntary dismissal of her state law claims.  Plaintiff's state law claims are based upon her allegations that on May 24, 2004, Roger Hooper assaulted, sexually assaulted, and sexually battered her.  However, under 28 U.S.C. section 1367(c), the Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims and remand since the district court dismissed all claims over which it had original jurisdiction, or the Court may keep the state law claims in federal court.  *See* 28 U.S.C. § 1367(c); *Porter v. Williams*, 436 F.3d 917, 920 (8th Cir. 2006).  Since the Court determines that dismissal of those claims is appropriate, the Court declines to remand the case.

While the Court recognizes that it did not specifically state its reasons for dismissal of Plaintiff's

state law claims in its Order of Dismissal, dismissal of those claims was appropriate.[2]  Arkansas Code

Annotated section 16-56-104 provides a one-year statute of limitations for assault and battery.

Plaintiff's Complaint alleges that the facts that gave rise to the state law assault and battery claims

occurred on May 24, 2004.[3]  Even if the Court measured the limitations period from June 28, 2005, the

date Plaintiff filed her first Complaint, rather than December 30, 2005, and if, as Plaintiff argues,

Arkansas' one-year tolling provision applied to her state law claims, Plaintiff's claims are clearly time-

barred because more than one year has expired since the alleged assault and battery.  The Court declines

to remand the state law claims, as requested by Plaintiff, and finds that dismissal of those claims was

appropriate.  Therefore, Plaintiff's Motion for Reconsideration and Motion for Relief from Judgment are

denied.

## III.  Motion for Extension of Time in Which to File a Notice of Appeal

Finally, Plaintiff requests that the Court grant her an extension to file a notice of appeal under

Federal Rule of Appellate Procedure 4.  Federal Rule of Appellate Procedure 4(a)(5) permits the district

court to grant a motion for extension of time to file a notice of appeal if the moving party can show

"excusable neglect or good cause."  *See* Fed. R. App. P. 4(a)(5)(A)(ii); *Gibbons v. United States*, 317

---

[2]In Defendant Roger Hooper's Brief in Support of Motions to Dismiss and for Judgment on the Pleadings (Docket # 14), he specifically argues that the statute of limitations for the assault and battery claims is one (1) year, and therefore, Plaintiff's state law claims are time-barred.

[3]In the Court's Order of Dismissal, the Court stated that it would use the latter date of June 8, 2005 in its calculations of the Defendants' statute-of-limitations defenses.  This latter date, however, would only be applicable in relation to the federal claim allegations because only those allegations include acts that occurred beyond the date of the alleged sexual assault.  As discussed above, the Court did not specifically address the state law claims, which clearly arose on May 24, 2004.

F.3d 852, 853 (8th Cir. 2003).  In *Gibbons*, the Eighth Circuit clarified that a motion brought under Rule

4(a)(5) may be granted for either excusable neglect or good cause, regardless of whether the motion was

brought prior to the expiration of the original deadline or during the thirty days after the original

deadline.  317 F.3d at 853 n.3 (citing Fed. R. App. P. 4 advisory committee's note).

> "The excusable neglect standard applies in situations in which there is fault; in such
> situations, the need for an extension is usually occasioned by something within the
> control of the movant.  The good cause standard applies in situations where there is not
> fault-excusable or otherwise.  In such situations, the need for an extension is usually
> occasioned by something that is not within the control of the movant."

Fed. R. App. P. 4 advisory committee's note.

Plaintiff has not given any reason for her request to extend time to file her notice of the appeal,

and thus, has not met her burden of showing excusable neglect or good cause.  Therefore, Plaintiff's

Motion for Extension of Time is denied.

Accordingly,

IT IS THEREFORE ORDERED THAT the Plaintiff's Motion for Relief from Judgment (Docket

#33) shall be, and is hereby, DENIED.

IT IS FURTHER ORDERED THAT the Plaintiff's Motion for Reconsideration (Docket #33)

shall be, and is hereby, DENIED.

IT IS FURTHER ORDERED THAT the Plaintiff's Motion for Extension of Time in Which to

File Notice of Appeal (Docket #33) shall be, and is hereby, DENIED.

Dated this 14th day of November, 2006.

/s/Garnett Thomas Eisele_____

UNITED STATES DISTRICT JUDGE